UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

JIMMY RODRIGUEZ, individually,
on behalf of himself and all others
similarly situated,

    Plaintiffs,

vs.

PRESTIGE INTERNATIONAL
INSURANCE GROUP, INC., a
Florida Corporation, d/b/a PRESTIGE
TRUCKING INSURANCE, INC., and
CHRISTINA L. DOWNS, individually,

    Defendants.
_____/

## COLLECTIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs, JIMMY RODRIGUEZ ("Rodriguez"), individually and on behalf of all others similarly situated, by and through undersigned counsel, sues Defendant, PRESTIGE INTERNATIONAL INSURANCE GROUP, INC., a Florida Corporation, d/b/a PRESTIGE TRUCKING INSURANCE, INC. ("Prestige") and CHRISTINA L. DOWNS, individually ("Downs") (collectively "Defendants" or "the Defendants"), and for his causes of action, declares and avers as follows:

### INTRODUCTION

1. Plaintiff brings this action on behalf of himself, as well as all others similarly situated, for declaratory and injunctive relief, as well as to recover from Defendants unpaid overtime compensation, liquidated damages, costs, and reasonable attorneys' fees, under the provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("FLSA") and specifically under 29 U.S.C. § 216(b). Plaintiff also brings this action on his behalf to recover unpaid

commissions owed to him.

2. Rodriguez is a United States citizen, a resident of Florida, and otherwise within the jurisdiction of this Court.

3. Prestige is a Florida corporation, with its principal place of business in Broward County, Florida, and otherwise within the jurisdiction of this Court.

4. Upon information and belief, Downs is a resident of Broward County, Florida, and otherwise within the jurisdiction of this Court.

5. Subject matter jurisdiction is conferred on this Court by 28 U.S.C. §1331 and 29 U.S.C. § 216(b).

6. Venue is appropriate in the Southern District, pursuant to 28 U.S.C. § 1391, as a substantial part of the events or omissions giving rise to the claim occurred in the Southern District, Plaintiffs reside in the Southern District, and Defendants operate and reside in the Southern District.

7. Prestige is an independent insurance agency, specializing in commercial truck insurance, doing business in Florida, and, according to its website, all fifty (50) states nationwide.

8. At all times material hereto, Prestige was and continues to be engaged in interstate commerce as defined by the FLSA.

9. Prestige's gross revenue from interstate commerce for the last three (3) years in question exceeded $500,000.00.

10. Prestige regularly employed two or more employees for the relevant time that handled goods or materials that traveled through interstate commerce or used instrumentalities of interstate commerce, thus making Defendant's business an enterprise covered under the Fair Labor Standards Act.

11. At all times material hereto, Downs has owned and operated Prestige, regularly acting directly and indirectly in the interest of the corporate Defendant in relation to the sales

agents, including hiring and firing Plaintiff and other sales agents, determining how Plaintiff and other sales agents' hours worked were tracked or recorded, setting the rates of pay and compensation structure for Plaintiff and others similarly situated, and/or controlled the finances and day-to-day management operations of Prestige. By virtue of such, Downs is an employer of Plaintiff and others similarly situated as defined by the FLSA, 29 U.S.C. § 203(d).

12. At all times material hereto, Plaintiff and all other similarly situated sales agents were engaged in interstate commerce nationwide.

13. Defendants formerly employed Rodriguez as a sales agent, willfully misclassifying him as a 1099 independent contractor. Rodriguez worked for Defendants from October 1, 2021, to May 1, 2025, or approximately one hundred and thirty (130) weeks within the applicable limitations period (three (3) years back from the date of filing, or approximately August 2022 – May 1, 2025).

14. In fact, Prestige treated all its sales agents the same, controlling every facet of their employment. Prestige told them what time they needed to be in the office every day (and required them to work in the office), monitored their phone calls, and provided them with all necessary and required equipment. Sales agents could not (a) hire or fire, (b) supervise, (c) set employees' schedules or rates of pay, (d) implement Prestige's policies or procedures, or (e) exercise independent judgment.

15. Those sales agents misclassified as independent contractors were not in business for themselves and were economically dependent on Prestige for work. Moreover, Prestige also required that the sales agents sign broad post-termination restrictive covenants (non-compete, etc.) – including the so-called independent contractors.

16. Prestige paid Plaintiff and other similarly situated sales agents on a one hundred percent (100%) commission basis.

17. Plaintiff and those similarly situated to Plaintiff regularly worked more than forty

(40) hours per week every week (and typically approximately sixty-five (65) to seventy (70)).

18. At all times pertinent to this Complaint, Prestige violated the FLSA's maximum hours (overtime compensation) provisions in that Plaintiff, as well as other current and former Prestige sales agents, performed hours of service for Prestige, resulting in more than forty (40) hours worked during one or more workweeks, for which Prestige failed to pay *any* overtime premiums (let alone correctly computed overtime premiums).

19. In the course of employment with Prestige, Plaintiff, and those current and former Prestige sales agents, worked more than forty (40) hours per week, for the benefit of Prestige and with Prestige's knowledge (actual or constructive), without Prestige paying them *any* overtime premiums for these hours, let alone correctly computed overtime premiums).

20. Prestige's pay practices, as described above, violated the FLSA by failing to pay overtime premiums to Plaintiff properly, as well as to those current and former sales agents similarly situated for hours worked over forty (40) each work week.

21. During the three (3) years preceding the filing of this lawsuit, Prestige employed and continues to employ (albeit some under an erroneous 1099 pay classification), individuals similarly situated to Plaintiff (*i.e.*, sales agents) throughout the United States.

22. During the three (3) years preceding the filing of this lawsuit, Prestige knew or had reason to know Plaintiff and those similarly situated current and former sales agents worked hours, including more than forty (40), during one or more workweeks, for which Prestige failed to pay correctly computed overtime premiums.

23. The additional persons who may become plaintiffs in this action and who Plaintiff believes are entitled to notification of the pendency of this action and their right to opt-in to this action are current and former sales agents of Prestige nationwide (regardless of classification as

W-2 or 1099), as all were subject to the pay policy described herein (failure to pay overtime).

24. Each improperly paid sales agent similarly situated, and regardless of pay classification as W-2 or 1099, who performed or continues to perform services for Prestige, during one or more workweeks within the three (3) year period preceding the filing of this lawsuit and since the time of filing, is entitled to notification of the pendency of this action and of his/her right to consent to opt-in to become a party to this action.

25. Plaintiff shall timely seek this Court's permission to provide notice to all current and former similarly situated sales agents who work or worked for Prestige during any payroll period within three (3) years from the date of filing of this lawsuit, nationwide (all states in which Prestige does business).

**COUNT I – VIOLATION OF THE FLSA- OVERTIME COMPENSATION - PLAINTIFF AND ALL OTHERS SIMILARLY SITUATED**

26. Plaintiff reasserts and realleges all allegations contained in paragraphs 1 through 25 above as if fully set forth herein.

27. Plaintiff, and all others similarly situated, are entitled to be paid an overtime premium for each hour worked more than forty (40) hours per workweek and to have such overtime calculated following the Federal Regulations, to include commission/bonus payments earned in the appropriate workweek in the calculation of the regular rate.

28. Because of Prestige's willful and unlawful acts, Plaintiff and those similarly situated have suffered damages.

29. As a result of Prestige's violation of the Act, Plaintiff and those similarly situated are entitled to liquidated damages equal to what they are owed as unpaid overtime.

WHEREFORE, Plaintiff and those similarly situated, who have or will opt in to this action, demand judgment against Prestige for the overtime wages due to them, for hours worked by them for which they have not been appropriately compensated, liquidated damages, reasonable

attorneys' fees and costs of suit, and all other relief the Court deems and proper.

## COUNT II – UNPAID COMMISSION - PLAINTIFF

30. Plaintiff reasserts and realleges all allegations contained in paragraphs 1 through 7 and 13-16 above as if fully set forth herein.

31. As of the filing of this complaint, Rodriguez has not been fully paid all commissions owed to him pursuant to the Defendants' pay plan.

32. Prestige materially breached the terms of Plaintiff's employment by not paying him his full commissions, the total amount of which remains due and owing. Plaintiff intends to engage in immediate written discovery to determine the exact amount owed.

33. Prestige currently owes Plaintiff monetary damages, along with interest, costs, and reasonable attorneys' fees, per § 448.08, Fla. Stat.

34. Plaintiff has retained the law firm of Padula Bennardo Levine LLP to represent them in this cause of action and has agreed to become obligated to pay it a reasonable fee for its services.

WHEREFORE, Plaintiff demands judgment against Prestige:

(a) awarding all unpaid commissions owed to him;

(b) awarding reasonable attorney fees and costs per § 448.08, Florida Statutes;

(c) awarding pre- and post-judgment interest; and

(d) granting such other further relief as is just and proper under the circumstances.

**PLAINTIFF DEMANDS TRIAL BY JURY ON ALL ISSUES SO TRIABLE**

| | |
|---|---|
| Dated: August 4, 2025<br>Boca Raton, FL | Respectfully submitted,<br><br>**Daniel R. Levine**<br>DANIEL R. LEVINE, ESQ.<br>Florida Bar No. 0057861<br>E-Mail:  DRL@PBL-Law.com<br>ROBIN I. FRANK, ESQ.<br>Florida Bar No. 0649619<br>E-Mail:  RIF@PBL-Law.com<br>PADULA BENNARDO LEVINE, LLP<br>3837 NW Boca Raton Blvd., Suite 200<br>Boca Raton, FL   33431<br>Telephone:    (561) 544-8900<br>Counsel for Plaintiff |